**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wallace S. WEICHERDING,**
**Defendant–Appellant.**

No. 02–2369.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 10, 2002.*

Decided Sept. 23, 2002.

Before RIPPLE, DIANE P. WOOD, and EVANS, Circuit Judges.

ORDER

Wallace Weicherding was convicted of conspiracy to receive and possess unregis-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See

Fed. R.App. P. 34(a)(2). It has been submitted to the original panel pursuant to this Court's Internal Operating Procedure 6(b).

tered firearms and destructive devices in violation of 18 U.S.C. § 371, and of possession of a machine gun in violation of 18 U.S.C. § 922(*o*). On his first appeal to this court, we affirmed the conviction, but we remanded two issues to the district court for reconsideration: first, whether his sentence was properly enhanced under U.S. Sentencing Guideline § 3C1.1 (obstruction of justice), and second, whether the district court properly decided that the full sum of $12,238 that the government had seized from his home was available to defray the costs of his government-provided defense, under 18 U.S.C. § 3006A(f). See *United States v. McGiffen,* 267 F.3d 581 (7th Cir.2001). After conducting a hearing on remand, the district court concluded that the enhancement for obstruction of justice was properly imposed, and it re-sentenced Weicherding to concurrent terms of 60 months' imprisonment on the conspiracy count and 70 months on the machine gun count, along with a fine of $1,000, the mandatory special assessment of $200, and three years' supervised release. With respect to the use of the $12,238, the court concluded that $2,000 should be returned to Weicherding for personal use, $925 should be applied to complete the payment of his fine (as he had already paid $75), and the remaining $9,313 was available to reimburse the government for the cost of his defense. Weicherding appealed again, this time challenging only the court's decision with respect to the use of the seized money.

Before his original trial, Weicherding completed an affidavit setting forth his personal financial situation, in support of his claim that he was unable to pay for his own defense. That affidavit showed assets in the amount of $30,500, made up of $22,000 in cash and two cars valued together at $8,500. He also reported monthly income from social security in the amount of $738, the bulk of which he de-

voted to paying credit card bills that then amounted to approximately $20,000. Relying on this submission, the magistrate judge concluded that he was indigent and appointed counsel for him from the Federal Public Defender service. Several weeks later, the government filed a motion under 18 U.S.C. § 3006A(f), in which it informed the court that $12,238 had been seized during the search of Weicherding's home (which, as we noted earlier, seems to have been part of the $20,000 in cash he had disclosed). 267 F.3d at 588. In that motion, the government requested that the seized money be given to the Public Defender to help fund Weicherding's defense. It offered little in the way of explanation, other than a conclusory statement that the case would be unusually costly for the FPD to handle and that Weicherding was financially able to make this contribution. Weicherding opposed the motion, but the original district court judge assigned to this case granted it without holding an evidentiary hearing.

We concluded before that the unexplained decision that the full amount of $12,238 was available to defray the costs of Weicherding's representation was insufficient to permit meaningful appellate review of the matter. 267 F.3d at 589. Section 3006A(f) provides as follows in relevant part:

> Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney ... or community defender organization which provided the appointed attorney....

*Id.* In *United States v. Embry,* 128 F.3d 584 (7th Cir.1997), and again in our first opinion in Weicherding's own case, we reiterated the point that a district court must make appropriate findings that funds are

indeed "available" for payment within the meaning of the statute, with an evidentiary hearing if necessary. See also *United States v. Gurtunca,* 836 F.2d 283, 288 (7th Cir.1987). The necessary areas of inquiry include (a) whether requiring the contribution would impose an extreme hardship on the defendant, (b) whether it would interfere with his obligations to his family, and (c) whether there were third parties with valid claims to the funds. Once a district court has made findings on these points, we review its ultimate determination for abuse of discretion. See *Embry,* 128 F.3d at 586.

On remand, the government proposed that the money should be devoted first to the remaining balance due on Weicherding's fine ($925), and then to his third-party creditors. Weicherding objected to the latter suggestion, on the ground that his credit card debts were totally unrelated to his offense of conviction. After receiving briefs from both sides, the court decided that the monies should be distributed as follows. First, although it found that Weicherding had no particular family obligations, $2,000 should be allocated to him for his personal or family use. Second, the court agreed with Weicherding that neither the Sentencing Guidelines nor the statute governing the conditions of supervised release, 18 U.S.C. § 3583, authorized it to require, as a condition of supervised release, payment of debts unrelated to the offense of conviction. Finally, noting that Weicherding himself had made it clear that he had no intention of voluntarily using the money to pay his credit card companies, but instead wanted to work out some kind of "deal" with them, the court decided that all but $925 of the remaining $10,238 was "available" for the costs of his defense. In summary, then, the court ordered the $12,238 to be disbursed as follows: (1) $925 toward the fine (as he had already paid the first $75), (2) $2,000 to Weicherding for personal needs, and (3) $9,313 to the public defender, under the terms of § 3006A(f).

On appeal, Weicherding asserts that the district court abused its discretion when it found that the $9,313 was "available" to be allocated to his costs of representation, because it failed adequately to consider the hardship to Weicherding if those funds were taken or to consider the claims of the third-party creditors. We disagree. The court gave full consideration to Weicherding's personal situation both in the evidentiary hearing it held and in its order directing how the funds were to be disbursed. Weicherding simply did not present sufficient specific evidence to show how he himself would suffer hardship if he did not have more than $2,000 returned to him. (Indeed, it seems that the court gave him the benefit of the doubt when it decided that he was entitled to the $2,000, because there was little in the record to support that figure.) With respect to the third-party creditors, the court was entitled to conclude that the claims of the third-party creditors did not warrant turning the money over to Weicherding. Indeed, in light of Weicherding's frank statement that he did not plan on using the money to satisfy his credit card debts, it is hard to see how the court abused its discretion in this respect.

We are satisfied that the district court's handling of the case complied with the approach set forth in *Embry* and in our first opinion on this appeal. Finding no abuse of discretion, we hereby AFFIRM the judgment of the district court.